# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**TIMOTHY L. REDDICK,**

    **Plaintiff,**

    v.                                                                            Case No. 13-CV-909

**JD KNOWLES, COREY POLISHINSKI,
ANDY FISHER, J. MOERTLY,
MATTHEW COOPER, DAVID METTS,
KELLEN WILLIAMS, MIKE SITTER,
DETECTIVE THOMAS, CHRISTINE
MCNICHOL,**

    **Defendants.**

## SCREENING ORDER

The plaintiff, Timothy Reddick, filed a Complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the Court on the plaintiff's petition to proceed *in forma pauperis*. The plaintiff is confined at the Ozaukee County Jail and has paid the initial partial filing fee.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not

entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id*. If there are well-pleaded factual allegations, the Court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The Court is obliged to give the plaintiff's pro se allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

The plaintiff challenges his arrest and subsequent confinement at the Ozaukee County Jail pending trial in his criminal case. He is suing Detective J.D. Knowles of the Ozaukee County Justice Center, Mequon Police Detectives Cory Polishinski, Mequon Police Officer J. Moertly, Matthew Cooper, David Metts, Kellen Williams, and Christina McNichol of the DEA Task Force- HIDTA, West Allis Officer Mike Sitter and Ozaukee Police Detective Thomas.[1]

The plaintiff's complaint alleges that on August 26, 2011, Detective Knowles pretended to be another individual and used his cell phone to set up a controlled substance purchase in Milwaukee. Plaintiff alleges that federal law enforcement conducted the operation with Mequon and

---

[1] While plaintiff does allege that federal law enforcement was involved in the operation, it is not clear from plaintiff's allegations whether the individual DEA Task Force defendants are state or federal agents. As to any federal law enforcement, the decision of the United States Supreme Court in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), authorizes the filing of constitutional tort suits against federal officers in much the same way that 42 U.S.C. § 1983 authorizes such suits against state officers, and any claims that ultimately proceed will be construed as such.

- 3 -

Ozaukee police. When the plaintiff's van appeared, the officers descended upon plaintiff and his two passengers. Plaintiff claims that Knowles was in charge of the alleged illegal search and seizure and the illegal use of a cell phone during this operation. Plaintiff alleges that defendants Knowles and Polishinski violated plaintiff's rights by obtaining illegal statements from plaintiff while he was waiting for a lawyer. Defendants Fischer, Moertly, Cooper, Metts and Sitter were all involved with the arrest, search and seizure of the plaintiff.

Plaintiff claims the defendants' conduct violates his rights under the Fourth, Fifth, Sixth and Fourteenth Amendments of the United States Constitution and Article 1, Section 7, 8 and 9 of the Wisconsin Constitution. According to the plaintiff, he believes he was entrapped by Detective Knowles and the other officers pretending to be someone they were not, that he had been profiled by the defendants when he was pulled over without probable cause and his vehicle and occupants seized. The plaintiff contends that the officers did not have the knowledge and facts to warrant probable cause, resulting in an unlawful search and seizure, arrest and use of evidence.

A plaintiff may not maintain a § 1983 or *Bivens* action where a judgment in his favor would necessarily imply the invalidity of a previous criminal conviction that has not been reversed, expunged, or called into question by the issuance of a federal court writ of habeas corpus. *McCann v. Neilsen*, 466 F.3d 619, 620-21 (7th Cir. 2006) (citing *Heck v. Humphrey*, 512 U.S. 477, 487 (1994)). It appears that at least some of the plaintiff's claims may be *Heck*-barred. A review of the status of the plaintiff's criminal case indicates that his case is pending before the Wisconsin Circuit Court and has not been decided. Due to the status of the plaintiff's criminal case, the Court is not in a position to determine what claims may be *Heck*-barred.

Even if the plaintiff has some claims that are not barred by *Heck* or one of the other cases or reasons cited above, allowing the plaintiff to proceed with this § 1983 action now while his criminal case is ongoing would interfere with the plaintiff's criminal proceedings and any appeals. Under established abstention doctrines, "a federal court may, and often must, decline to exercise its jurisdiction where doing so would intrude upon the independence of the state courts and their ability to resolve the cases before them." *SKS & Associates, Inc. v. Dart*, 619 F.3d 674, 677 (7th Cir. 2010). The *Younger* doctrine requires federal courts to abstain from taking jurisdiction over federal constitutional claims that seek to interfere with or interrupt ongoing state proceedings. *Id.*; *see also Younger v. Harris*, 401 U.S. 37, 43-45 (1971). "The original core of *Younger* abstention – from *Younger* itself – requires federal courts to abstain when a criminal defendant seeks a federal injunction to block his state court prosecution on federal constitutional grounds." *SKS & Associates*, 619 F.3d at 678.

Because the plaintiff's criminal case is ongoing and has not been finally resolved by the Wisconsin state courts, this Court must abstain from exercising jurisdiction over this case. The Court will order that the case be stayed and designated as administratively closed while the Wisconsin courts proceed. The plaintiff shall advise the Court when his criminal case is complete through all available appeals to recommence these proceedings.

**NOW, THEREFORE, IT IS ORDERED** that the plaintiff's motion for leave to proceed *in forma pauperis* (Docket # 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that this matter is **STAYED** pending further order of the Court.

**IT IS FURTHER ORDERED** that Clerk of Court designate the case closed the case for administrative purposes.

Dated at Milwaukee, Wisconsin this 18th day of October, 2013.

>BY THE COURT
>
>_s/ Nancy Joseph_
>NANCY JOSEPH
>United States Magistrate Judge